UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION, DOCKET NO. 04-10812-NG

JAMES M. DINEEN, )
    PLAINTIFF )
 )
vs. ) MOTION FOR RELIEF FROM ORDER
 )
MARIE T. DINEEN, et al. )
    DEFENDANTS )

Now comes the Plaintiff in the above entitled matter, James M. Dineen, pro se, and moves this Honorable Court as follows:

1. That on February 17, 2005, he received via U.S. Mail, a copy of this Court's <u>Order of Dismissal</u> dated January 27, 2005, a copy of which is attached hereto and incorporated by reference. Also enclosed, attached and incorporated by reference is a photocopy of the face of the envelope in which said order was mailed, indicating that it was mailed on February 15, 2005.

2. That the purpose of this Motion is to respectfully seek the Court's consideration in setting aside its Order of Dismissal of January 27, 2005, and granting an enlargement of time to April 15, 2005, within which to effect service of process upon the Defendants and file proof of same.

3. That there is good and sufficient cause for the relief being sought to be granted.

4. That the Plaintiff filed the within action in a timely manner so as to toll the expiration of the applicable Statute of Limitations.

5. That in the interim since the filing of said Complaint, the Plaintiff has wrestled with the discomfort of progressing this

suit against his own sister, Marie T. Dineen, and reaching a final determination as to whether he, in fact, wished to progress forward this suit against his own sister and the other Defendants.

6. That, more recently, the Plaintiff has been incapacitated from virtually all of his business, home and social activities because of a severe injury which he sustained as a result of slipping and falling on ice, subsequent hospitalization and surgery and a sustained recovery period, which has not yet been completed.

7. That in view of a thorough reassessment of this matter brought on by the Plaintiff's receipt within the last few days of the Court's Order of Dismissal of January 27, 2005, the Plaintiff has made a determination to progress this matter forward, provided, of course, that the Court sees fit to grant the within request for relief.

8. That, although from a procedural and technical standpoint, a new and independent suit could be undertaken by the Plaintiff in this matter, such a suit would avail the Plaintiff little or nothing because of the likelihood that certain applicable statutes of limitation may have already expired.

WHEREFORE, the Plaintiff prays as follows:

1. That the Court's Order of Dismissal of January 27, 2005, be vacated, rescinded and set aside.
2. That an enlargement of time to April 15, 2005, be granted within which to effect service of process upon the Defendants and filing proof of such service with the Court.
3. For such other and further relief as the Court deems fitting and just.

-3-

Dated:   February 22, 2005

                                   Respectfully submitted,

                                   _____
                                   James M. Dineen
                                   Plaintiff Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

James M. Dineen
Plainntiff

V.

**Maire T. Dineen, et al**
Defendant

CIVIL ACTION: 04-10812 -NG

ORDER OF DISMISSAL

GERTNER, D.J.                                          January 27, 2005

Pursuant to Local Rule 4.1(a) of the Local Rules for the United States District Court for the District of Massachusetts, any summons not returned with proof that it was served within one-hundred twenty (120) days of the filing of the complaint is deemed to be unserved for the purpose of Fed.R.Civ.P.4(j).

Accordingly, the above-entitled case is hereby dismissed for failure to make service.

By the Court,

s/Maryellen Molloy
Deputy Clerk

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

